UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0164 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| MARK ALLEN GARCIA and PATRICIA ANN MCQUARRY, | |
| Defendants. | |

Kimberly A. Svendsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Mark Allen Garcia, pro se.

Patricia Ann McQuarry, pro se.

This matter is before the Court on the objections of defendants Mark Allen Garcia and Patricia Ann McQuarry to the October 4, 2013 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois.[1] In that R&R, Judge Brisbois recommends denying each of the various motions that defendants have filed since the Court granted defendants' request to represent themselves in this proceeding.[2] The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court overrules defendants' objections and adopts the R&R.

---

[1] The R&R was filed as both ECF No. 90 and ECF No. 91. Those documents appear to be identical.

[2] Judge Brisbois also recommends denying the motions to suppress made by defendants while still represented by counsel. Neither Garcia nor McQuarry has objected to this recommendation, and the Court adopts the section of the R&R recommending that those motions be denied.

For the most part, defendants' motions rely upon arguments that have been rejected on countless occasions by the federal courts — and that, to the Court's knowledge, have never once been successful in persuading a federal court that it did not have jurisdiction over a criminal case, or that an indictment should be dismissed, or that a defendant should be acquitted. For example, many of the arguments that defendants make appear to have been made, word-for-word, to the Eighth Circuit in the case of *United States v. Gilbertson*, 131 F.3d 144 (8th Cir. 1997) (per curiam). The Eighth Circuit — whose opinions are binding on this Court — rejected the arguments as "completely meritless." *Id*. Only three matters merit comment:

First, defendants claim repeatedly in their objections that Judge Brisbois has "practic[ed] law from the bench" in violation of 28 U.S.C. § 454 by recommending that their motions be denied. ECF No. 95 at 17; ECF No. 98 at 17. The crux of defendants' argument appears to be that the government has failed to demonstrate that the Court has jurisdiction over this case, and therefore a finding that the Court does have jurisdiction over this case amounts to "doing the job of the prosecuting attorney . . . ." *Id*. at 9. This argument is wholly without merit. In many cases, one party argues that the court does not have jurisdiction, and the other party argues that the court does have jurisdiction. The court may — indeed must[3] — decide which party is correct, and the court must explain the reasons for its conclusion. To do so is not to "practice law from the bench"; it is to do what a judge is required to do. Judge Brisbois found — and the Court agrees — that the government has demonstrated that the Court has jurisdiction over this

---

[3]On the second page of their objections, defendants quote *Rescue Army v. Municipal Court of City of Los Angeles*, 171 P.2d 8 (Cal. 1946), *appeal dismissed*, 331 U.S. 549 (1947), as holding that "[a] court has no jurisdiction to determine its own jurisdiction . . . ." ECF No. 95 at 2; ECF No. 98 at 2. In fact, *Rescue Army* said exactly the opposite: "A court has jurisdiction to determine its own jurisdiction . . . ." *Id.* at 11. Defendants inserted the word "no" into the quotation.

case pursuant to 18 U.S.C. § 3231.  *See* ECF No. 61 at 4 (citing § 3231); R&R at 11-12.  Moreover, Judge Brisbois found — and, again, the Court agrees — that defendants' various arguments as to why § 3231 does not apply are unavailing.

Second, defendants contend that Judge Brisbois has shown a "biased attitude" towards them and has already "tried and found [them] guilty."  ECF No. 95 at 12; ECF No. 98 at 12.  In support of their argument that Judge Brisbois was biased against them, defendants cite the following sentence from the R&R:  "If the Government proves the charges in the Indictment, then any efforts that Defendants make to repay any ill-gotten gains, whether through 'trusts' or by other means, may be factors to consider in sentencing, but they do not 'moot' the underlying offense."  R&R at 16.  But this quotation speaks generally of what consequences will follow *if* the government proves that defendants are guilty of the crimes with which they are charged.  Neither this quotation nor anything else in the R&R assumes (or even implies) that defendants *are* guilty of any crimes.  The statement cited by defendants does not remotely suggest that Judge Brisbois was biased against them.

Third, along with their objections to the R&R itself, defendants have filed additional objections to the Court's "breach of its corporate charter" [ECF No. 101 at 1; ECF No. 103 at 1] and to the Court "proceeding to trial with improper assumption of jurisdiction" [ECF No. 102 at 1; ECF No. 104 at 1].  The arguments in these objections are duplicative of the arguments made in the defendants' motions to dismiss, and the objections are overruled for the reasons provided in the R&R for denying the motions to dismiss.

Defendants have now argued on multiple occasions that this Court has no jurisdiction over them.  This Court has held that defendants are incorrect.  Defendants have preserved their

objection, and they will have a chance to appeal the Court's ruling if they are convicted. For now, though, this case will proceed to trial.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objections of defendants Mark Allen Garcia and Patricia Ann McQuarry [ECF Nos. 95, 98, 101, 102, 103, & 104] and ADOPTS the October 4, 2013 R&R [ECF Nos. 90 & 91]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Garcia's motion to suppress statements, admissions, and answers [ECF No. 36] is DENIED.

2. McQuarry's motion to suppress statements [ECF No. 43] is DENIED.

3. Defendants' motions to dismiss [ECF Nos. 55, 58, 72, 73, 80, & 81] are DENIED.

4. Defendants' motions for government to produce death certificate of infant decedent [ECF Nos. 57 & 60] are DENIED.

5. Defendants' motions to withdraw plea of not guilty [ECF Nos. 67 & 75] are DENIED.

6. Defendants' motions to show cause [ECF Nos. 70 & 78] are DENIED.

Dated: November 7, 2013     s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge