# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0164 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| MARK ALLEN GARCIA and PATRICIA ANN MCQUARRY, | |
| Defendants. | |

Kimberly A. Svendsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Mark Allen Garcia, pro se.

Patricia Ann McQuarry, pro se.

The undersigned previously received a packet of documents mailed by defendants Mark Allen Garcia and Patricia Ann McQuarry, who are representing themselves in this criminal tax proceeding. Included in that packet were documents labeled "Special Notice[s] of Declaration of Revocable Express Trust Indenture." *See* ECF Nos. 84 & 85. Because these "Special Notice[s]" had not yet been made part of the public record in this case, the Court ordered that they be docketed. *See* ECF No. 83. Defendants now object to that order, arguing that the docketing of the "Special Notice[s]" amounts to a "violation of [their] substantive primary right to privacy." ECF No. 96 at 2; ECF No. 99 at 2.

The Court overrules those objections. Defendants were specifically warned that any documents mailed to the undersigned "will be made part of the official court record — and, as part of the official court record, they will be made available to the public." ECF No. 22 at 1. The Court further warned that such documents would be made part of the official court record

even if defendants "ask that the documents remain confidential." *Id*. The Court is not permitted to participate in secret communications with any party to this case. Any communication with the Court must be made part of the public record, unless a party has first sought and received the permission of the Court to file a document or a portion of a document under seal. (A party's request would not be granted unless the party followed the proper procedure — including giving notice of its request to its opponent — and unless the party provided a legally sufficient justification for the request.)

As the Court explained to defendants before granting their motions to represent themselves, a trained lawyer would likely be aware of rules and procedures of which defendants are unaware. For example, a trained lawyer would know how to go about filing a document under seal. As the Court also explained to defendants, the Court cannot give them legal advice. For that reason, the Court appointed standby counsel — provided to defendants at no charge — to answer their questions. Nothing prevented defendants from seeking the advice of their standby counsel about how to file a document under seal.

Finally, the Court notes that, under Rule 49.1 of the Federal Rules of Criminal Procedure, a party may (without the permission of the Court) redact certain information from a document before filing that document. If defendants wish, they may refile their "Special Notice[s]" with the information specified in Rule 49.1(a) redacted from those documents, and the Court will strike the non-redacted versions of the notices from the record at that time.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objections of defendants Mark Allen Garcia and Patricia Ann McQuarry [ECF Nos. 96 & 99].

Dated:  November 7, 2013                             s/Patrick J. Schiltz
                                                                         Patrick J. Schiltz
                                                                         United States District Judge