UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0164 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| PATRICIA ANN MCQUARRY (2), | |
| Defendant. | |

Kimberly A. Svendsen and Timothy C. Rank, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Patricia Ann McQuarry, defendant pro se.

On June 18, 2013, defendant Patricia McQuarry was indicted for conspiracy to defraud the United States in violation of 18 U.S.C. § 286 and with making false, fictitious, or fraudulent claims upon or against the United States in violation of 18 U.S.C. § 287.  McQuarry was arrested the next day and later released on a $25,000 unsecured bond with conditions.  Since then, McQuarry has elected to represent herself in this proceeding and has filed a number of increasingly strange documents with this Court.  McQuarry's most recent filings include a document declaring that she is rescinding her signatures on various other documents, including her appearance bond, the order setting the conditions of her release, and her pretrial release contract.  ECF No. 144.  McQuarry — who, as noted, is representing herself — also filed a document in which she "declare[d]" that "i object to being wrongfully construed as pro se," that "i am a woman, created by God and to represent myself would be breaking God's second commandment . . .," and that "i believe representing myself is to put on a false mask, a graven

image, a false god[.]" ECF No. 141 (sic).  The Court scheduled a hearing yesterday with McQuarry to question her about her most recent filings.

At the conclusion of that hearing, the government orally moved to revoke McQuarry's release, and the Court granted the motion.  The Court now enters this order to explain the basis for its ruling.  The Court will enter a separate order requiring that McQuarry undergo a competency evaluation and hearing under 18 U.S.C. § 4241 and Fed. R. Crim. P. 12.2(c)(1)(A).

Under 18 U.S.C. § 3148, a court may revoke a defendant's pretrial release if, after a hearing, the court finds (1) that there is clear and convincing evidence that the defendant has violated a condition of supervised release and (2) that the person is unlikely to abide by any condition or combination of conditions of release.  The Court finds that both of these prerequisites are met in this case.

First, McQuarry filed a document rescinding the signature on her bond, and at yesterday's hearing she confirmed her intent to rescind her signature.  McQuarry has therefore violated the order setting conditions of release, which, among other things, required her to sign an appearance bond.  ECF Nos. 6, 8.

Second, McQuarry's recent filings, and her statements in court, have persuaded the Court that McQuarry is unlikely to abide by any condition or combination of conditions of release.  In addition to rescinding her signature on the bond and other pretrial-release documents — which in and of itself causes the Court grave concern about McQuarry's intentions — McQuarry has also recently sent several letters to the prosecutor in this case.[1]  These letters largely consist of the

---

[1]At the hearing, the government provided copies of these letters, dated December 15, 2013, December 23, 2013, and January 4, 2014.  The Court has previously warned defendants
(continued...)

kind of nonsensical legalese favored by tax protesters, but the letters go further, into more disturbing territory. Among other things, the letters (1) purport to define certain information as private, confidential, and proprietary, with the prosecutor being subject to a $1 million penalty if she violates this unilaterally imposed edict; (2) purport to impose some kind of trusteeship on the prosecutor and the acting United States Attorney; (3) purport to require the prosecutor and the acting United States Attorney to "perform and complete the specific trust duties"; (4) state that "any interference with my right to self govern by oath takers trying to order me about or threaten me and interrupt with the proper function to self govern is terrorism"; (5) purport to order the prosecutor to immediately withdraw this criminal case "from the public forum," drop all criminal charges, and destroy all criminal records in this case; and (6) purport to require the prosecutor and the acting United States Attorney to appear in some kind of "Special Proceeding" to be held in a "court of exclusive original jurisdiction in equity . . . ." In addition to being threatening, these assertions strongly indicate that McQuarry believes that she is not subject to the jurisdiction of this Court and that she has both the right and the ability to impose legal obligations on the prosecutor and to terminate this criminal prosecution at any time.

The Court is further concerned because, at yesterday's hearing, it became clear that McQuarry gives her own highly idiosyncratic meaning to ordinary English words. For example, McQuarry said that she could not "represent" herself in this proceeding because it would require her to "re-present" herself as a human being (whatever that means), which, in turn, would

---

[1](...continued)
that any documents that they send to the Court will be made part of the official court record and will be available to the public. ECF No. 22. Because McQuarry did not send these letters directly to the Court, though, the Court has ordered that they be filed under seal.

somehow offend God. McQuarry's use of the English language is so idiosyncratic that it is difficult for the Court to carry on a conversation with her, because the Court is never certain what she is saying. The confusion created by McQuarry's idiosyncratic use of language is compounded by her exceedingly strange view of the law and of the nature of this case as reflected in her letters and other filings. For example, McQuarry's filings suggest that McQuarry regards the capitalized version of her name as some kind of legal entity separate from herself. As a result, the Court cannot even be sure who or what McQuarry is referring to when she promises to do something or makes some kind of factual assertion.

In short, McQuarry's filings, letters, and statements in court have persuaded the Court that she "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). The Court therefore revokes her pretrial release and orders that she be detained pending trial. As noted, the Court will, by separate order, require that McQuarry be examined by a psychiatrist or psychologist to determine whether she is competent to stand trial.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court REVOKES the pretrial release of defendant Patricia Ann McQuarry under 18 U.S.C. § 3148.

2. McQuarry is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. McQuarry must be afforded reasonable opportunity to consult privately with her counsel.

4. On order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which McQuarry is confined must deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

5. McQuarry's motion to appoint counsel [ECF No. 155] is GRANTED. The Court re-appoints Daniel Gerdts to represent McQuarry pursuant to the Criminal Justice Act. *See* ECF No. 18.

Dated:  January 22, 2014          s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge