UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 13-CR-0164(2) (PJS/LIB)

                Plaintiff,

v.                                                                      ORDER

PATRICIA ANN MCQUARRY,

                Defendant.

---

Kimberly A. Svendsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Daniel L. Gerdts for defendant Patricia Ann McQuarry.

Defendant Patricia McQuarry is awaiting sentencing after having been convicted by a jury of conspiracy to defraud, and making false claims against, the United States.[1]

Earlier this week, the Court received a package of documents that McQuarry submitted pro se through a notary public named Mark Fedor.  ECF No. 212.  The documents consist of the type of legal-sounding gibberish that is typically found in the pro se filings of tax protestors.  Although much of the filings are unintelligible, McQuarry seems to challenge the Court's jurisdiction over this case.  The documents also include an "Affidavit of Truth," signed by McQuarry, in which she purports to "rescind and revoke *nunc pro tunc ab initio* every signature of suretyship, public and private, ever provided by Affiant on behalf of Minnesota corporate sole/artificial person/statutory Public U.S. citizen 'PATRICIA ANN MCQUARRY,' created on

---

[1]The Court notes that, in reviewing the docket in this case, it has discovered a docketing error.  Specifically, the second page of McQuarry's redacted verdict form was accidentally docketed as part of her codefendant's redacted verdict form and vice versa.  (It is apparent that the pages were accidentally switched during docketing because the sealed, unredacted versions of each form were docketed correctly.)  The Court has ordered that this error be corrected.

September 30, 1958[.]"  ECF No. 212-1 at 26-27.  This rescission "extends to every public government contract be it federal, state, county and/or city" and includes (but is not limited to) signatures on such documents as her individual tax returns, driver's-license applications, driver's license, voter-registration cards, and passport.  *Id.* at 26.

This is not the first time that McQuarry has notified the Court that she is rescinding her signatures on various government documents.  Before trial, McQuarry rescinded her signatures on her appearance bond and other pretrial-release documents.  ECF No. 144.  Because rescinding those signatures violated the conditions of her pretrial release, the Court took her into custody.  ECF No. 165.  Over the government's objection, the Court later released McQuarry on the condition that she re-sign her bond and other release papers and abide by certain conditions.[2] ECF Nos. 174, 175, 176.  After her conviction at trial, the Court permitted McQuarry to remain free on the same conditions that it had previously imposed.

Upon receiving McQuarry's most recent set of documents, the Court issued an arrest warrant.  The basis for the warrant was that McQuarry had again violated her conditions of release by rescinding her signatures on her appearance bond and related documents.  ECF No. 210.  McQuarry was arrested and brought in for a hearing, at which her counsel argued that McQuarry did not intend to revoke her signature on her appearance bond.  He pointed out that the bond has separate lines for sureties to sign, ECF No. 176, and that McQuarry did not sign the document as a surety.

---

[2]The Court discussed re-signing the documents at the April 14, 2014 detention hearing, but a transcript of that proceeding has not been prepared.

As always, McQuarry's counsel has done his best to defend a client who seems intent on making his job as difficult as possible.  But this explanation simply does not hold water.  As noted, McQuarry purported to rescind signatures on documents that have nothing to do with suretyships, such as her individual tax returns, driver's-license applications, driver's license, voter-registration cards, and passport.  And as the Court has previously observed, McQuarry "gives her own highly idiosyncratic meaning to ordinary English words."  ECF No. 165 at 3.  McQuarry's references to "suretyship" are all part of her fantastical pretense that there is some sort of entity known as "PATRICIA ANN MCQUARRY" that is separate from the person of "Patricia Ann McQuarry" and that is the real subject of this proceeding.  As a result, her references to "signature[s] of suretyship" are clearly meant to include all of the documents that she has signed in the course of these proceedings.  Moreover, even if counsel were correct about the appearance bond, his reasoning cannot explain McQuarry's rescission of her signature on her other release documents.  *See, e.g.*, ECF No. 175 (order setting conditions of release with McQuarry's signature).

The Court therefore finds that, in submitting a document purporting to rescind all "signature[s] of suretyship," McQuarry has again revoked her signature on her appearance bond and related release documents.  For that reason, the Court finds, by clear and convincing evidence, that McQuarry has violated a condition of her release.  *See* ECF No. 175 (order setting conditions of release and requiring McQuarry to sign an appearance bond).

The Court also finds that there is no condition or combination of conditions that will assure that McQuarry will not flee.  McQuarry's signatures on the appearance bond and related documents are not some mere technicality; they are the embodiment of her promise that she will

obey all conditions of release, appear for court proceedings as directed, and surrender to serve any sentence imposed.  ECF Nos. 175, 176.  Having revoked her signatures on those documents, McQuarry has demonstrated, in the most explicit manner possible, that she does not believe herself to be bound by that promise.  Furthermore, McQuarry rescinded the signatures with full knowledge of the consequences, as she had previously been taken into custody for the same conduct.

McQuarry has demonstrated her lack of respect for the Court's orders in other ways.  The Court has clearly instructed McQuarry that, while she is represented by counsel, she is not to file documents on her own behalf, but only through counsel.  *See, e.g.*, ECF No. 22.  McQuarry violated that instruction in submitting her packet of documents directly to the Court.  (Indeed, the documents were sent via "restricted" certified mail, so the undersigned had to personally sign for them.)  Moreover, this Court has instructed McQuarry that, whether she is represented by counsel or not, she cannot have ex parte contacts with the Court.  *Id.*  McQuarry violated this instruction by appearing outside of the undersigned's chambers on the same day that the undersigned received her documents, asking to be admitted to chambers so that she could personally discuss her case with the undersigned.

McQuarry has revoked her written promise to appear for sentencing, and she has demonstrated that, even if she had not revoked that promise, she does not recognize the authority of this Court or respect its orders.  The Court therefore revokes her release under 18 U.S.C.

§ 3148(b).[3]  McQuarry will remain incarcerated until she is sentenced and transferred to the custody of the Bureau of Prisons.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     The Court REVOKES the release of defendant Patricia Ann McQuarry under 18 U.S.C. § 3148 and orders her detained under 18 U.S.C. § 3143(a).

2.     McQuarry is committed to the custody of the Attorney General for confinement.

3.     McQuarry must be afforded reasonable opportunity to consult privately with her counsel.

4.     On order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which McQuarry is confined must deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  September 19, 2014                          s/Patrick J. Schiltz
                                                                  Patrick J. Schiltz
                                                                  United States District Judge

---

[3]The Court notes that it is doubtful that § 3148, which by its terms applies to "[a] person who has been released under section 3142 of this title" — in other words, a person on pretrial release — applies to McQuarry, who was released pending sentencing under 18 U.S.C. § 3143(a).  True, § 3143(a) directs that, if release is warranted, the judge must order release "in accordance with" § 3142.  But as other courts have noted, this does not necessarily mean that a person released under § 3143 has been *released* under § 3142.  *United States v. Blechman*, 782 F. Supp. 2d 1238, 1252 (D. Kan. 2011).  In any event, because the Court has found that revocation is proper under § 3148, detention is certainly warranted under § 3143(a), which permits release only if the Court can find, by clear and convincing evidence, that McQuarry is not likely to flee.